**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                              )
MAHDI HAKIM,                  )
                              )
          Petitioner,         )
                              )
                              )
v.                            )      Civil Action
                              )      No. 18-12251-PBS
STEPHEN SPAULDING,            )
                              )
          Respondent.         )
_____)
```

**MEMORANDUM AND ORDER**

September 5, 2019

Saris, C.J.

Pro se petitioner Mahdi Hakim ("Hakim") has filed a
petition under 28 U.S.C. §§ 2255(e) and 2241 to vacate his life
sentence for a 2006 drug trafficking conviction. The Government
moves to dismiss the petition. After a review of the record, the
Court **DENIES** Hakim's petition (Dkt. No. 1) and **ALLOWS** the
Government's motion to dismiss (Dkt. No. 8).

**FACTUAL AND PROCEDURAL HISTORY**

On August 16, 2006, after a jury trial in the United States
District Court for the District of South Dakota, Hakim was
convicted of conspiring to distribute and posses with the intent
to distribute 50 grams or more of cocaine base. On November 7,

2006, he was sentenced to a mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). Hakim received an enhanced sentence because he had two prior felony drug convictions. He since has filed one direct appeal and four habeas corpus petitions seeking to vacate his conviction.

In his direct appeal to the Eighth Circuit, Hakim argued there was insufficient evidence to support his conviction. On June 21, 2007, the Eighth Circuit denied his appeal and upheld the conviction. See United States v. Hakim, 491 F.3d 843, 846 (8th Cir. 2007). On June 23, 2008, Hakim filed a petition under 28 U.S.C. § 2255 to vacate his sentence, claiming once again that there was insufficient evidence to support the conviction and adding claims for ineffective assistance of counsel and various due process violations. That petition was denied. See Hakim v. United States, No. CIV 08-4097, 2010 WL 2244080, at *1-2, *7 (D.S.D. June 2, 2010). On July 16, 2012, Hakim filed a second § 2255 petition on the basis that he was actually innocent of the charges for which he was convicted. That second petition was also denied. See Hakim v. United States, No. CIV 12-4134, 2012 U.S. Dist. LEXIS 108243, at *2, *10 (D.S.D. Aug. 2, 2012). On July 11, 2017, Hakim filed a third § 2255 petition in which he asserted that the United States lacked jurisdiction over the land where the crime had occurred. His third petition

too was denied. See Hakim v. United States, No. CV-17-4093, 2017 WL 3503667, at *1, *3 (D.S.D. Aug. 14, 2017).

Hakim now moves to vacate his sentence pursuant to the "savings clause" of § 2255(e) and § 2241. Hakim bases his petition on the Supreme Court's ruling in Alleyne v. United States, 570 U.S. 99, 103 (2013), which held "that any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." He contends that the judge rather than the jury determined the drug amount attributable to him and, therefore, he was improperly sentenced to a mandatory minimum term of life imprisonment under 21 U.S.C. § 841(b)(1)(A).

**DISCUSSION**

**I.   Legal Standard**

A federal prisoner may challenge the validity of his term of incarceration and seek post-conviction relief under 28 U.S.C. § 2255(a) if his "sentence was in excess of the maximum authorized by law . . . or is otherwise subject to collateral attack." To merit consideration, the petition must be timely filed in the court in which the petitioner was sentenced. Id. The petition is bound by a one-year period of limitation, running from the date on which the judgment of conviction becomes final or from the date on which a newly asserted constitutional right, made retroactively applicable to cases on

3

collateral review, was recognized by the Supreme, whichever is latest.[1] Id. § 2255(f). Second or successive § 2255 petitions require leave to file from the appropriate court of appeals. Id. § 2255(h).

When § 2255 is otherwise unavailable, a federal prisoner still may file for a writ of habeas corpus challenging his sentence through the savings clause of § 2255(e) by proceeding under § 2241. A § 2241 petition may be filed in either the jurisdiction where the petitioner was convicted and sentenced or where he is currently imprisoned.[2] 28 U.S.C. § 2241(d). There is no timeliness requirement for filing a petition under § 2241. See id.; Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004). However, relief under § 2241 is unavailable after successive § 2255 petitions unless § 2255 is "inadequate or ineffective to test the legality of detention." United States v. Barrett, 178 F.3d 34, 39 (1st Cir. 1999) (quoting 28 U.S.C. § 2255(e)). Relief under § 2255 is inadequate or ineffective "when, in a particular case, the configuration of [§ 2255] is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d

---

[1]   Section 2255(f) identifies two other dates that can be used for calculating the applicable limitations period, but neither is relevant here.
[2]   Hakim filed his petition in this Court because he is currently imprisoned at FMC Devens here in Massachusetts.

85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)).

Accordingly, the First Circuit has recognized that § 2241 is available via the savings clause of § 2255(e) in two limited circumstances. First, a petitioner generally may resort to the savings clause when he makes a "credible allegation of actual innocence." Trenkler, 536 F.3d at 99. Second, a petitioner may invoke the savings clause when the Supreme Court has reversed the holdings of the circuit courts regarding the meaning of a statute, and the petitioner is no longer guilty of a crime under the Supreme Court's new interpretation. See Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000). Absent these two circumstances, however, a petitioner cannot rely on the savings clause to raise a claim that otherwise would be barred by the provisions of § 2255. See Barrett, 178 F.3d at 50-52.

## II.  **Analysis**

Hakim's claim fails for at least three reasons: (1) he cannot use the savings clause of § 2255 to file a § 2241 petition; (2) he does not satisfy the requirements for a second or successive § 2255 petition; and (3) even if there were a procedural avenue for him to pursue his claim, it fails on the merits because the First Circuit has held that Alleyne is not retroactive on collateral review.

5

First, Hakim has failed to show that § 2255 relief is inadequate or ineffective to test the legality of his detention He does not argue that he is actually innocent but instead seeks to vacate his conviction on the basis of a procedural error. Hakim already has twice challenged the sufficiency of the evidence supporting his conviction and once challenged his conviction on the basis that he is actually innocent. Those challenges were unsuccessful, and he has presented no new evidence in this petition to potentially exonerate himself. Hakim also does not argue that the charged conduct is no longer criminal under a new interpretation of § 841. Alleyne was a constitutional decision regarding whether a judge or jury must decide facts that increase a mandatory minimum sentence -- it did not reinterpret or change the scope of conduct proscribed by § 841. Therefore, Hakim's petition does not raise a claim that can be pursued via § 2255(e)'s savings clause.

Relying on the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), and the Seventh Circuit's decision in Narvaez v. United States, 674 F.3d 621, 628 (7th Cir. 2011), Hakim argues that he should have access to the savings clause because his sentence resulted from a "fundamental defect" and is "a miscarriage of justice." He misreads these cases. Both Wheeler and Narvaez recognized that a federal prisoner may use the savings where the Supreme Court

reinterprets the meaning of a criminal statute following a
petitioner's first § 2255 petition such that the charged conduct
is no longer criminal, but the petitioner is unable to satisfy
the gatekeeping requirements of § 2255(h)(2) for second or
successive petitions because his claim is non-constitutional
(i.e., statutory). The First Circuit also allows for resort to
the savings clause in this circumstance. See Sustache-Rivera,
221 F.3d at 16. As discussed above, Hakim's petition does not
raise such a claim, so he may not use the savings clause to
bring a petition under § 2241.

Second, Hakim does not satisfy the requirements of § 2255.
By filing his petition in this court rather than in South
Dakota, he has filed it in the wrong district. He also has not
received approval from a circuit court (either the First Circuit
or the Eighth Circuit) to proceed with a second or successive
petition. And he is time-barred from filing this § 2255 petition
because the one-year limitations period has elapsed. His
conviction became final following the denial of his direct
appeal in June 2007. See Clay v. United States, 537 U.S. 522,
(2003) (holding that for purposes of § 2255 a "judgment of
conviction becomes final when the time expires for filing a
petition for certiorari contesting the appellate court's
affirmation of the conviction"). The Supreme Court decided
Alleyne in June 2013. Yet Hakim did not file this petition until

October 2018. Therefore, the limitations period has run for him to challenge his conviction based on Alleyne. The Court also notes that Hakim neglected to raise an Alleyne-based claim when he filed his third § 2255 petition in July 2017 so, in addition to being time-barred, the claim has been waived.

Third, although Hakim argues that Alleyne should be made retroactive to cases on collateral review, the First Circuit already rejected that argument in Butterworth v. United States, 775 F.3d 459, 468 (1st Cir. 2015). Indeed, as the Government points out, no circuit has held that Alleyne is retroactive. See United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Surratt, 797 F.3d 240, 249 (4th Cir. 2015); United States v. Olvera, 775 F.3d 726, 730 & n.12 (5th Cir. 2015); In re Mazzio, 756 F.3d 487, 491 (6th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Walker v. United States, 810 F.3d 568, 575 (8th Cir. 2016); Hughes v. United States, 770 F.3d 814, 818-19 (9th Cir. 2014); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013); Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014); In re Lawson, No. 13-3093, 2014 U.S. App. LEXIS 7854, at *2 (D.C. Cir. Apr. 25, 2014) (per curiam). Nevertheless, Hakim argues that this phalanx of circuit law is no longer valid in light of the Supreme Court's decision in Montgomery v. Louisiana, 136 S. Ct.

718, 732 (2016) (holding that Miller v. Alabama, 567 U.S. 460, 465 (2012), which prohibits mandatory life sentences without parole for juvenile offenders, is retroactive on collateral review). The Court disagrees. Nowhere does Montgomery mention Alleyne, and nothing about its reasoning requires the conclusion that Alleyne be found retroactive on collateral review.

Hakim also attempts to avoid the clear holding of Butterworth by invoking the Supreme Court's decision in Burrage v. United States, 571 U.S. 204 (2014). The First Circuit has not addressed whether Burrage is retroactive on collateral review, but several other circuits have concluded that it is. See, e.g., Harrington v. Ormond, 900 F.3d 246, 249 (6th Cir. 2018); Santillana v. Upton, 846 F.3d 779, 784 (5th Cir. 2017); Gaylord v. United States, 829 F.3d 500, 505 (7th Cir. 2016). But see Dixon v. Warden of FCI Schuylkill, 647 F. App'x 62, 64 (3d Cir. 2016). Burrage is related to Alleyne, but it addresses a different legal issue that is not applicable to Hakim's claim. Specifically, Burrage answers the question of what the Government must prove for a "death results" mandatory minimum enhancement on a conviction under § 841. See 571 U.S. at 206. The Supreme Court held that the drugs supplied by the criminal defendant must be a "but for" cause of death for the sentencing enhancement to apply. Id. at 218-19. The courts that have found Burrage to be retroactive have reasoned that it is a substantive

9

decision because it narrows the scope of proscribed conduct under the statute. See, e.g., Harrington, 900 F.3d at 249-50; Santillana, 846 F.3d at 783-84; Gaylord, 829 F.3d at 505. But this is no help to Hakim. Not only is his sentence not based on a "death results" enhancement, but he has not made any argument that his charged conduct is no longer criminal under a new interpretation of § 841. His only argument is that the judge rather than the jury determined the applicable drug amounts for his mandatory minimum sentence. In other words, Hakim's claim is based solely on Alleyne, which established a non-retroactive, procedural rule. See Butterworth, 775 F.3d at 468. Thus, Hakim's petition also fails on the merits.

## III. **First Step Act**

On July 25, 2019, the Court entered an order directing the Government to provide supplemental briefing on whether Hakim is eligible for relief under the First Step Act. The Court also appointed Hakim counsel for the limited purpose of addressing this same issue. On August 22, 2019, court-appointed counsel for Hakim informed the Court that he is already pursuing relief under the First Step Act by a separate motion in the United States District Court for the District of South Dakota. The parties agree that is the proper forum for that motion. Therefore, the Court's order does not address whether Hakim may be eligible for relief under the First Step Act.

## ORDER

For the foregoing reasons, Hakim's petition under 28 U.S.C. §§ 2255(e) and 2241 (Dkt. No. 1) is **DENIED** and the Government's motion to dismiss is **ALLOWED** (Dkt. No. 8).

SO ORDERED.


 /s/ Patti B. Saris
HON. PATTI B. SARIS
Chief U.S. District Judge